# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| H.J. Martin & Son, Inc., ) | |
| ) | **ORDER GRANTING MOTION FOR** |
| Plaintiff, ) | **LEAVE OF COURT TO INTERVENE** |
| v. ) | |
| ) | |
| Ferrellgas, Inc.; S&S Concrete & Masonry, ) | |
| LLP, d/b/a Northland Concrete & Masonry, ) | |
| LLP, ) | Case No. 1:20-cv-054 |
| ) | |
| Defendants. ) | |

Before the court is a Motion for Leave of Court to Intervene filed ACE American Insurance Corporation ("ACE American"). For the reasons set forth below, the motion is granted.

## I.     BACKGROUND

This action arises from the March 22, 2019 explosion and fire at the Trinity Health Replacement Facility construction project ("the Project") located at 2305 37th Avenue SW in Minot, North Dakota. Plaintiff H.J. Martin & Son, Inc. ("Martin") is suing Defendants Ferrellgas, Inc. ("Ferrellgas") and S&S Concrete & Masonry, LLP, asserting their negligence caused or contributed to the explosion, which prevented it from performing work on the Project as scheduled.

On October 1, 2020, ACE American filed a motion for permissive joinder pursuant to Fed. R. Civ. P. 24(b). According ACE American, it made payment to Trinity Health for damages attributable to the explosion and fire consistent with its obligations under a builder's risk policy it had issued to Trinity Health for the Project. It now seeks to recover its interests by participating in the instant action. Like Martin, it asserts that Ferrellgas's negligence caused the explosion and fire at the Project. Unlike Martin, it is only endeavoring to sue Ferrellgas. It advises that the parties have no objection to its intervention.

1

## II.    APPLICABLE LAW

Rule 24(b) (1)(B) of the Federal Rules of Civil Procedure provides that a timely motion to intervene may be granted by the court where the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). " The decision to grant or deny a motion for permissive intervention is wholly discretionary."S. Dakota ex rel Barnett v. U.S. Dep't of Interior, 317 F.3d 783, 787 (8th Cir. 2003); see also Pavek v. Simon, No. 19-CV-3000,, 2020 WL 3960252, at *2 (D. Minn. July 12, 2020) ("Intervention under Rule 24(b) . . . is "marked by broad flexibility and is wholly discretionary." (internal quotation marks omitted)). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).c

"Despite the wide latitude granted to district courts in considering a motion for permissive intervention, certain well-established criteria must be met before such a motion will be granted." Franconia Minerals (US) LLC v. United States, 319 F.R.D. 261, 266 (D. Minn. 2017). "Among the main considerations are (1) whether the motion to intervene is timely; (2) whether the movant's claim shares a question of law or fact in common with the main action; and (3) whether intervention will unduly delay or prejudice adjudication of the original parties' rights." Id.; see also United States v. Ritchie Special Credit Invs., Ltd., 620 F.3d 824, 832 (8th Cir. 2010) (listing several specific factors relevant to the determination of timeless). "In addition, although only a minor variable in the Rule 24(b) decision calculus, the adequacy of protection afforded to the prospective intervenors by the existing defendants is a factor." Franconia Minerals (US) LLC v. United States, 319 F.R.D. 261, 266 (D. Minn. 2017).

### III.  DISCUSSION

The court has reviewed the relevant factors and finds that they weigh in favor allowing ACE American's intervention under Fed. R. Civ. P. 24(b).  First, there is nothing in the record to suggest that ACE American was dilatory in filing its motion to intervene or that this litigation has progressed so far that intervention is impracticable.  Second, ACE American's claims and the main action arise out of the same incident and appear to share common questions of law and fact. Third, it does not appear that ACE American's invention will unreasonably delay the progression of this matter or otherwise change the nature of this matter so dramatically so as to unduly harm the original parties. Cf. Facility Eng'g Servs. Corp. v. Travelers Cas. & Sur. Co. of Am., No. 8:20CV168, 2020 WL 5038778, at *2 (D. Neb. Aug. 26, 2020).  Fourth, the existing parties have to date voiced no opposition to ACE American's intervention. See D.N.D. Civ. R. 7.1(F) ("An adverse party's failure to serve and file a response to a motion may be deemed an admission that the motion is well taken.").

### IV.  CONCLUSION

The court, in the exercise of its discretion, **GRANTS** ACE American's Motion for Leave of Court to Intervene (Doc. No 17). Ace American shall file its Complaint in Intervention by October 23, 2020.  The caption of the original lawsuit be amended to reflect ACE American's participation as a plaintiff in the litigation.

**IT IS SO ORDERED.**

Dated this 16th day of October, 2020.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court